UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN MAURICE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-24-706-R |
| | ) |
| FNU COLE, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff Kevin Maurice Brown, a state prisoner proceeding pro se,[1] brought this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at the Lawton Correctional Facility. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin issued a Report and Recommendation [Doc. No. 28] recommending that, with the exception of an individual capacity claim asserted against Defendant Boger, the claims against all defendants be dismissed upon screening for failure to state a claim. Plaintiff filed a timely Objection [Doc. No. 30] and the Court must therefore make a de novo determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's Objection only objects to the recommended dismissal of the claim based on a failure to send medical records that is asserted against Defendant Knowles, Timms, and Boger. Plaintiff alleges that the medical department at the Lawton Correctional Facility prevented him from receiving treatment at the Dean McGee Eye Institute by not sending CT scans, X-rays, and reports to the appointment. As defendants for this claim, he names Ms. Timms, the alleged medical director at LFC, Dr. Boger, the head doctor at LFC, and Ms. Knowles, a nurse at LFC. The R&R recommends dismissal for failure to state a claim because Plaintiff makes collective allegations against the LFC medical department without indicating what actions each defendant took. Plaintiff's objection, which is somewhat difficult to read, repeats his allegation that Defendants Knowles, Brown, and Boger "keep the ct. scan from Deen McGee Eye Inst." and that these defendants were involved in "medical neglect."

To make out a viable § 1983 claim, "it is incumbent upon a plaintiff to identify specific actions taken by particular defendants" to show their personal involvement in the alleged constitutional violation. *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quotation omitted). Here, Plaintiff's allegations do not adequately identify specific actions taken by each particular defendant or include sufficient factual content to plausibly infer that these defendants personally participated in the conduct compromising his claim. Ultimately, Plaintiff's Objection presents no persuasive argument or authority that would cause this Court to reject the Judge Erwin's conclusion that Plaintiff has failed to state a claim based on a failure to send medical records against these defendants.

3

Accordingly, up de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 28] in its entirety. All claims against all defendants are dismissed without prejudice, with the exception of the individual capacity claim asserted against Dr. Boger for violation of Plaintiff's Eight Amendment rights based on the denial of a walking stick.

IT IS SO ORDERED this 5th day of February, 2025.