IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN MAURICE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-706-R |
| | ) |
| FNU COLE et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Kevin Maurice Brown, a convicted state prisoner, appearing *pro se*, and *in forma pauperis*, has filed a Complaint under 42 U.S.C. § 1983. (ECF No. 1). Previously, and after screening the Complaint, the Court concluded that Plaintiff had stated a claim against Defendant Dr. Michael Boger, in his individual capacity and for monetary damages, for a violation of Plaintiff's Eighth Amendment rights based on the denial of a walking stick. *See* ECF Nos. 28 & 33. Currently before the Court are: (1) Dr. Boger's Motion to Dismiss this claim, Plaintiff's Response and Supplement, and Dr. Boger's Reply and (2) Plaintiff's Motion for a Permanent Injunction. (ECF Nos. 61, 63, 65, 68, 59). The Court should: (1) **GRANT** Dr. Boger's Motion to Dismiss and (2) **DENY** Plaintiff's Motion for a Permanent Injunction.[1]

---

[1] Although on screening, the Court found that Plaintiff had stated a claim against Dr. Boger, the Court is free to revisit its earlier finding, as the "law of the case doctrine has no bearing on the revisiting of interlocutory orders." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011); *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224–25 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); *Hunnicutt v. Smith*, No. 18-619, JCH/GBW, 2021 WL 3618315, at *7 (D.N.M. Aug. 16, 2021) ("[U]pon further review, many of the claims that the Court found to state a claim for relief during its preliminary screening, . . . do not do so upon further review."); *McKenzie v. U.S. Dep't of Justice*, 143 F. App'x 165, 168 (11th Cir. 2005) ("[T]he wording of § 1915A does not indicate that a district court may only conduct one review of a prisoner's *pro se* civil action.")

I.    **PLAINTIFF'S COMPLAINT/ALLEGATIONS AGAINST DR. BOGER**

Mr. Brown is a legally blind prisoner who has resided at the Red Rock Correctional Center ("Red Rock") since December 26, 2023. (ECF No. 1:14).[2] According to Mr. Brown, he arrived at Red Rock with instructions from his former facility that due to his blindness, he was to be provided with a walking stick for ambulation. (ECF Nos. 1:14.) In support of these allegations, Plaintiff relies on an activity housing summary dated October 17, 2023, which states that he "uses a walking stick to alert others of blindness." (ECF No. 1-1:3). As stated previously, however, this document does not represent "orders" for a walking stick, rather it only indicated Plaintiff's use of a walking stick at a previous facility. (ECF No. 28:9). Despite the instructions, however, Plaintiff states that for 5½ months he was not given a walking stick. (ECF No. 1:10, 12-13). Plaintiff blames Defendant Boger for the oversight and alleges that he committed deliberate indifference in violation of the Eighth Amendment by failing to provide Plaintiff with a walking stick. *See supra*.

II.    **STANDARD OF REVIEW—MOTION TO DISMISS**

Dr. Boger seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 61). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in this context, "refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then

---

[2] Red Rock Correctional Center was formerly named the Lawton Correctional Facility. *See* https://oklahoma.gov/doc/newsroom/2025/odoc-to-rename-lawton-correctional-and-rehabilitation-facility.html (last visited Jan. 12, 2026).

the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. To that end, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

### III.  DISMISSAL OF THE CLAIM AGAINST DR. BOGER

Dr. Boger has filed a Motion to Dismiss the Eighth Amendment claim, and the Court should grant the motion.

The test for constitutional liability of prison officials under the Eighth Amendment "involves both an objective and a subjective component." *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). First, the prisoner must allege that the deprivation at issue was in fact "sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citations omitted). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock,* 218 F.3d at 1209. The subjective prong of the deliberate indifference test at the pleading stage requires the plaintiff to allege that a prison official acted with a sufficiently culpable state of mind. *See Estelle,* 429 U.S. at 106. The subjective component is satisfied if the official "knows of

and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Farmer,* 511 U.S. at 837.

Furthermore, the deliberate indifference standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Farmer,* 511 U.S. at 836. The Supreme Court in *Farmer* analogized this standard to criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of serious harm. *Id.* at 836–38. Thus, "[d]eliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard,* 80 F.3d 1433, 1442 (10th Cir. 1996) (citation omitted). An inmate "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act *despite his knowledge of a substantial risk of serious harm*." *Farmer,* 511 U.S. at 842 (emphasis added). An official "would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." *Id.* at 843 n. 8. Significantly, this level of intent can be demonstrated through circumstantial evidence:

> Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Id.* at 842 (internal citations omitted). This is so because "if a risk is obvious so that a reasonable man would realize it, we might well infer that [the defendant] did in fact realize it." *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2005) (citation omitted).

Here, Plaintiff states that Dr. Boger told him that "Dean McGee Eye Inst. In Okla. City didn't . . . sign off for no walking stick at all." (ECF No. 1:14); *see also* ECF No. 1:19 (same allegations); ECF No. 1-1:5 ("[Dr. Boger] said that Dean McGee has not Order no walking stick[.]"). Indeed, when Plaintiff submitted a request to staff on this issue, the "disposition" stated: "You have no order for a walking stick." (ECF No. 1-1:11); *see also* ECF No. 1-2:1 (comment from health care service provider stating "You have no order for . . . walking stick."). Despite the apparent lack of "orders" for a walking stick, these allegations indicate that Defendant Boger was aware of Plaintiff's blindness, which is "sufficiently serious" to meet the objective component of the Eighth Amendment test.

The issue, however, becomes whether Mr. Brown has sufficiently alleged that Dr. Boger acted with deliberate indifference to his serious medical needs in denying Plaintiff a walking stick. The Court should conclude that he has not. As noted by Dr. Boger, Plaintiff has failed to allege that he faced a substantial risk of injury or harm directly related to Dr. Boger's failure to provide him with a walking stick. (ECF No. 61:7). The report from Plaintiff's former facility indicates that Plaintiff had used a walking stick "to alert others of [his] blindness." *See supra*. That report also indicated that Mr. Brown had "adaptive devices" for his blindness, including glasses and a cane, and Mr. Brown has not alleged that he had not been provided with these items. *See* ECF No. 1.

To satisfy the subjective component under the Eighth Amendment, Plaintiff must allege that Dr. Boger failed to ensure that Plaintiff received a walking stick "despite his knowledge of a substantial risk of serious harm." *See supra*. But Plaintiff has failed to allege that he was at risk of substantial harm of which Dr. Boger was aware, or suffered

any harm from not having the walking stick; and in fact, Plaintiff's own records indicate that the walking stick was used only to alert others of his blindness.

In a supplement to his response to Defendant Boger's Motion to Dismiss, Mr. Brown states that Dr. Boger "saw the housesing [sic] order [and] left [him] . . . without a walking stick." (ECF No. 65:1). Plaintiff then states that he "fell down 6 steps," breaking his big toe. (ECF No. 65:1). But Plaintiff's attempt to connect the "housesing [sic] order" to his accident involving his big toe does not establish that Dr. Boger knew Plaintiff faced a substantial risk of serious harm sufficient to satisfy the subjective component under the Eighth Amendment, as the "housesing [sic] order" stated *only* that Plaintiff needed the walking stick to alert others of his blindness, not that he needed the walking stick for stability or steadiness while walking. *See supra*.

As argued by Dr. Boger, Plaintiff has, at best, merely alleged a desire for a walking stick, not that one was medically necessary for him to walk. The fact that Dr. Boger had seen the housing order which indicated that Plaintiff used a walking stick to alert others of his blindness, but chose not to prescribe this device, is simply a mere difference of medical opinion, which does not rise to the level of an Eighth Amendment violation. *See Estelle,* 429 U.S. at 107. As a result, the Court should conclude that Plaintiff has not stated a claim against Defendant Boger for deliberate indifference in violation of the Eighth Amendment for denial of the walking stick. *See Johnson v. Talley*, 243 F. App'x 10, 1 (5th Cir. 2007) (holding a physician's failure to provide an inmate with a walking stick constitutes "a difference in opinion or a malpractice claim . . . and thus does not establish an Eighth Amendment violation.").

## IV. PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION

Mr. Brown has filed a "Motion Requesting a Permanent injunction on Red Rock Corr. Center." (ECF No. 59). In the motion, Plaintiff request that "The Court grant his motion for a emergy [sic] injunction against the same staff and Fac, with a different name." (ECF No. 59:1). Plaintiff describes "threats may [sic] by the staff here And Ms. Brown is still lying on legal paperwork." (ECF No. 59:2). Mr. Brown further describes a "Request from her to me still telling a lie for the Court to see" and "The exhibits that are on the case on Dr. Boger D.O. show that medical supervisor Brown tells lies on paper." (ECF No. 59:2). Plaintiff states that "[a] move to a D.O.C. fac. with a medical unit is in order A.S.A.P." (ECF No. 59:2). But with the adoption of this Report and Recommendation, the Court should deny Plaintiff's motion as moot. *See Ben v. City of Laguna Beach*, No. 2:25-cv-00003-DAK-SMR, 2025 WL 2109694, at *3 (D. Utah July 2, 2025) ("Because the undersigned has recommended that the entirety of Plaintiff's Complaint be dismissed, the undersigned further recommends denying Plaintiff's request for injunctive relief (ECF 7) as moot."); *adopted*, 2025 WL 2106593.

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should dismiss the individual capacity claim for monetary damages against Dr. Boger for a violation of Plaintiff's Eighth Amendment rights based on the denial of a walking stick. With this dismissal there are no remaining claims.

The Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **January 30, 2026.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make a timely objection to this Report and Recommendation waives the right to appellate

review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI.  STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on January 15, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE