UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEVIN MAURICE BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-24-706-R |
| | ) |
| **FNU COLE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff, a state prisoner proceeding pro se,[1] brought this civil rights action under 42 U.S.C. § 1983. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Several claims were previously dismissed upon screening and the only remaining claim is against Dr. Michael Boger for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Now before the Court is Judge Erwin's Report and Recommendation [Doc. No. 71] recommending that Dr. Boger's Motion to Dismiss be granted and the claim dismissed for failure to state a claim. Plaintiff filed a timely Objection [Doc. No. 72] which gives rise to the Court's obligation to make a de novo determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff alleges that Dr. Boger denied him medical care because he did not provide him with a walking cane for several months even though he knew Plaintiff needed one because he is blind. To succeed on this claim, Plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs, a standard that includes both an objective and a subjective component. *Lucas v. Turn Key Health Clinics*, *LLC*, 58 F.4th 1127, 1136 (10th Cir. 2023). Judge Erwin's Report found that Plaintiff failed to allege the subjective component because he had not included facts plausibly showing that Dr. Boger was subjectively aware that Plaintiff faced a substantial risk of serious harm by not having a walking stick.

Plaintiff's Objection does not substantively engage with the analysis and conclusions reached in the Report. Because Plaintiff has not raised a specific objection to the Report, he has waived further review of the issues contained therein. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In any event, upon review of relevant filings, the Court concurs with Judge Erwin that Plaintiff has not plausibly alleged that Dr. Boger acted with deliberate indifference to his serious medical needs. The facts are not sufficient to plausibly show that Dr. Boger, even if he had knowledge of Plaintiff's blindness, knew of and disregarded a substantial risk of serious harm by not providing a walking stick. At most, Plaintiff indicates a disagreement with Dr. Boger's treatment decisions, which is not sufficient to state a constitutional violation.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 71]. Dr. Boger's Motion to Dismiss [Doc. No. 61] is GRANTED and Plaintiff's Motion for

Permanent Injunction [Doc. No. 59] is DENIED as moot. This action is dismissed without prejudice.

IT IS SO ORDERED this 10th day of February, 2026.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE